# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: LAMARTINA-HOWELL, ET AL.            CIVIL ACTION

No. 18-6325

SECTION I

## ORDER & REASONS

Before the Court is appellants John T. LaMartina-Howell ("Howell") and Elise LaMartina's ("LaMartina") motion[1] for various forms of relief. Specifically, Howell and LaMartina request that the Court: (1) declare an interlocutory order issued by the 22nd Judicial District Court of the Parish of St. Tammany on January 27, 2014 void *ab initio* based on violations of a purported stay in the bankruptcy proceeding underlying this adversary proceeding; (2) award them compensatory and punitive damages for the appellees' alleged willful violations of the purported stay; and (3) issue a permanent injunction enjoining the appellees from using the allegedly void order as a basis for any future claims.[2]

This Court has jurisdiction in this case pursuant to 28 U.S.C. § 158, which states that "[t]he district courts of the United States shall have jurisdiction to hear

---

[1] R. Doc. No. 10.
[2] This motion was filed in civil action no. 18-6325, which is an appeal from the United States Bankruptcy Judge's dismissal of Howell and LaMartina's complaint in an adversary proceeding. Although the heading of their filing is styled as a motion, the Court notes that the motion reads suspiciously like a complaint. *See*, *e.g.*, R. Doc. No. 10, at 6 ("Because of the Defendants' frivolous, contrived, and unethical 'gamesmanship,' your Movers were forced to bring *this* action . . . [and] pray for an award of . . . damages directly attributable to the Defendants' unlawful violations of 11 USC §362(k).").

appeals (1) from final judgments, orders, and degrees; (2) from [certain] interlocutory orders and decrees issued under section 1121(d) of title 11 . . . ; and (3) with leave of court, from other interlocutory orders and decrees[ ] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a).

Section 158 grants district courts appellate jurisdiction over orders issued *by the bankruptcy courts*. However, § 158 does not grant the district courts jurisdiction over peripheral matters, let alone permit the district court to review tangential state court orders—even if they are related to the underlying bankruptcy proceeding.

Based on the relief requested, Howell and LaMartina's motion falls outside the scope of the Court's jurisdiction pursuant to § 158. *See Matter of Parker*, No. 95-30344, 1995 WL 696848, at *1 (5th Cir. 1995) (per curiam) ("Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals *only* from . . . orders of bankruptcy judges.") (emphasis added).

Accordingly,

**IT IS ORDERED** that Howell and LaMartina's motion to declare a state court interlocutory order void and for compensatory and punitive damages as well as a permanent injunction is **DENIED.**

New Orleans, Louisiana, October 18, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

2