UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: LAMARTINA-HOWELL, ET AL.                CIVIL ACTION

                                                No. 18-6325

                                                SECTION I

**ORDER**

Before the Court is an appeal[1] filed by John LaMartina-Howell and Elise LaMartina (collectively, the "appellants") from a judgment issued by the United States Bankruptcy Court. In a June 13, 2018 order,[2] after holding a hearing on two motions to dismiss, the bankruptcy court granted the motions—dismissing the appellants' underlying complaint and permanently enjoining them from further litigating certain claims.

This Court's jurisdiction to review the bankruptcy court's judgment derives from 28 U.S.C. § 158(a)(1). "[C]onclusions of law are reviewed *de novo,* findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo.*" *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). The appellants have identified four issues for the Court's review, namely whether the bankruptcy court

---

[1] R. Doc. Nos. 1, 6.
[2] R. Doc. No. 1-3.

erroneously dismissed their complaint based on the following doctrines: (1) standing, (2) *Barton*,[3] (3) *res judicata*, and (4) *Rooker-Feldman*.[4]

It is clear from the judgment and the hearing transcript that the bankruptcy court found that the appellants' claims had already been litigated.[5] However, the judgment does not indicate any specific factual findings or legal conclusions, nor does it elucidate particular reasons for the bankruptcy court's decisions that: (1) the appellants do not have standing to bring their claims, (2) the *Barton* doctrine prohibits those claims from being brought against the United States trustee and his counsel, (3) the appellants' claims are barred by *res judicata*, and (4) the requested relief cannot be granted because of the *Rooker-Feldman* doctrine.

Without more specific guidance from the bankruptcy court with respect to its findings of fact and conclusions of law, this Court cannot determine whether the

---

[3] *Barton v. Barbour*, 104 U.S. 126 (1881). Under the *Barton* doctrine, lawsuits against bankruptcy trustees for acts committed in their official capacities are not permitted without leave of the bankruptcy court. *See Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015).

[4] R. Doc. No. 5, at 5. The *Rooker-Feldman* doctrine stems from the United States Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 360 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine "bars federal courts from adjudicating claims where the plaintiff seeks to overturn a state-court judgment." *Truong v. Bank of Am. N.A.*, 717 F.3d 377, 381 (5th Cir. 2013).

[5] *See, e.g.*, R. Doc. No. 1-3, at 3 (granting the motions to dismiss "[a]fter considering the pleadings, the evidence, the arguments of the parties, and the record in this case, and in light of all of the prior repetitive litigation"); R. Doc. No. 5-1, at 221 (a transcript of the hearing, in which the bankruptcy court judge explained to one of the appellants, "It's all been argued, or it should have been argued. And this is an attempt on your part really to re-litigate something that should not be allowed, because there has to be an end to litigation sometime.").

bankruptcy court erred in dismissing the appellants' claims and issuing the permanent injunction.

Accordingly,

**IT IS ORDERED** that the above-captioned matter is **REMANDED** to the United States Bankruptcy Court for the Eastern District of Louisiana for further proceedings consistent with this order.

**IT IS FURTHER ORDERED** that John Howell-LaMartina and Elise LaMartina's appeal is **DISMISSED WITHOUT PREJUDICE**, reserving their right to reurge the appeal after the bankruptcy court issues a new order and reasons on remand.

New Orleans, Louisiana, November 6, 2018.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE